**Ronald PICHE, Plaintiff—Appellant,**

**v.**

**CLARK COUNTY COLLECTION SERVICE, LLC, Defendant— Appellee.**

**No. 03–16101.**

**D.C. No. CV–S–02–1603–RLH(LRL).**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 10, 2004.*

Decided Dec. 21, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Grenville T. Pridham, Las Vegas, NV, for Plaintiff–Appellant.

Patrick J. Reilly, Hale, Lane, Peek, Dennison, Howard, Anderson and Pearl, Las Vegas, NV, for Defendant–Appellee.

Before FARRIS, D.W. NELSON, and GOULD, Circuit Judges.

### MEMORANDUM**

Plaintiff Ronald Piche appeals from the district court's order entering summary judgment against him on the basis that he failed to raise a genuine issue of material fact with respect to his claims under the Fair Debt Collection Practices Act, the Truth in Lending Act, and sundry provisions of Nevada statutory law. We affirm.

### BACKGROUND

In a Confession of Judgment, Piche agreed that he owed $345 in principal, $600 in attorneys' fees, and $500 in statutory damages pursuant to Nev.Rev.Stat. 41.620.

Piche agreed to pay $345 principal in $25 installments due on the fifteenth and thirtieth of each month until the principal was repaid. In the event of default (and failure to cure within five days), the entire principal would become due immediately without notice and the Collection Service would be entitled to file suit. The Agreement summarizes Piche's debt in the event

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of his default: $345 (outstanding principal); $0 (outstanding finance charge); $600 (attorneys' fees payable on default); and $500 (statutory damages allowed by Nev.Rev.Stat. 41.620). The total debt listed is $1,445, in addition to extra interest calculated at the time of Piche's future default.

Piche made the first seven installment payments of $25 before defaulting on his April 30, 2002 payment. The Collection Service filed the Confession of Judgment in Nevada Justice Court in June of 2002. On December 9, 2002, Piche filed this action in federal district court.

## STANDARD OF REVIEW

The district court entered summary judgment for the Collection Service. Our review is de novo. *Lane v. Residential Funding Corp.*, 323 F.3d 739, 742 (9th Cir.2003).

## DISCUSSION
### FDCPA Claim

Piche's first claim of error is that 15 U.S.C. § 1692f prohibits the use of confessions of judgment. Section 1692f prohibits the use of certain "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Though the use of confessions of judgment is not one of the listed "unfair or unconscionable means," the list is nonexclusive. *Id.*

■ Piche cites no authority for extending the proscriptions of section 1692f to confessions of judgment. Instead, he relies on certain federal regulations including 16 C.F.R. § 444.2, a Federal Trade Commission Act regulation governing "the extension of credit" and prohibiting a "lender or retail installment seller directly or indirectly to take or receive from a consumer" a confession of judgment. 16 C.F.R. § 444.2. Piche has not made a claim under

the Federal Trade Commission Act; the regulation has no application to the FDCPA. The Collection Service is neither a lender nor a retail installment seller. It is not precluded from using a confession of judgment by this regulation. Further, even if this regulation was a ground supporting Piche's FDCPA claim, FTCA regulations do not create private rights. *See Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir.1981).

■ The other federal regulations relied upon by Piche are equally unavailing. 12 C.F.R. § 227.13 makes it illegal for a bank to enforce a consumer credit obligation by using a confession of judgment. The Collection Service is not a bank. 12 C.F.R. § 535.2 prohibits a savings association from entering into or enforcing a consumer credit obligation through a confession of judgment. The Collection Service is not a savings association. Piche's claim under the FDCPA fails.

### TILA Claim

■ TILA governs the extension of consumer credit. 15 U.S.C. § 1601(a). 15 U.S.C. § 1602(f) defines a "creditor" as someone who both regularly extends consumer credit and is initially payable for debt arising from a consumer credit transaction. The Collection Service satisfies neither condition. It is therefore not subject to TILA. Further, even if subject to TILA, the one-year statute of limitations for TILA actions would bar the claim. *See* 15 U.S.C. § 1640(e).

### Nevada Statutory Law Claim

Though he does not expressly say so, Piche appears to found his last claim of error in Nevada state law. He cites a statute prohibiting an installment lender from using confessions of judgment, Nev. Rev.Stat. 675.350. He claims that material issues of fact exist about whether the

Collection Service assumed the role of a lender by including a $500 penalty in the confession of judgment and whether the Collection Service was "selling a service" to Piche.

■ As a general matter, Nevada permits confessions of judgment. Nev.Rev. Stat. 17.090. It is therefore incumbent on Piche to demonstrate that the Collection Service is governed by an exception to this general provision. The exceptions upon which Piche relies deal exclusively with a prohibition on lenders, and there is no evidence that Defendant ever lent Piche any money. Furthermore, nothing in the record supports the contention that the Collection Service became a lender merely by seeking to collect the $500 penalty authorized by Nev.Rev.Stat. 41.620.

AFFIRMED.